Good morning, Your Honors. Jason Carr, appearing on behalf of Appellant Rojas-Lagunez. I'll begin with what is the government's strongest argument, in my estimation, which is that there's something about the issue raised on appeal that seems somewhat distasteful in a way that it could be characterized as that the immigrant non-citizen in this case should have had an opportunity to hoodwink, if you will, the immigration court. That's one way to look at the issue, but I would submit that really it's no different than any other major or any other significant procedure, be it criminal or civil, that occurs. It struck me that a lot of times, especially in the past, in initial appearances, especially from misdemeanors in federal court, the defense counsel would become aware of facts that the government wasn't aware of at that time, maybe in a DUI that the person had a prior DUI that wasn't in the court records, and he would plead them out right then. And why would you do it? Because it wouldn't give the government an opportunity to do further investigation and find out about this prior conviction. And I would submit that that's really no different than what we're talking about here, and it's important to keep in mind that what distinguishes this case from other cases, such as Gonzalez-Valerio, is the actual boots-on-the-ground pragmatics of how this fast-track voluntary departure system works. Unlike in Gonzalez-Valerio, where there's a separate application and a defendant has, not the defendant, I should say, but the non-citizen, the alleged non-citizen, has a duty to prove that he qualifies for 212C relief. And, in fact, as explained in Gonzalez-Valerio and in the CFR that pertains to that form of relief in immigration court, the non-citizen is required to fill out a detailed application and list all his prior convictions. And, of course, not listing prior convictions would automatically bar you or trying to hide prior convictions would automatically bar you from that form of relief. And so Gonzalez-Valerio is a very reasonable opinion in the respect that it recognizes that what would occur, even a non-citizen not charged in a notice to appear, which controls the immigration proceeding, even an alien not charged in a notice to appear with a prior aggravated felony or a barring conviction, it's reasonable to presume that when the process of the 212C hearings evolve and the time involved in the applications that have to be filed, that immigration would find out about the prior conviction and, perhaps more importantly, have time to properly evaluate it. In this case, although it seems initially to cut against me, the prior convictions at issue here that appear to be aggravated felonies were charged in the original notice to appear. And then immigration, for whatever reason, yanked those allegations from the notice to appear. And that's what distinguishes this case from other opinions from this court, which found that an alien wasn't eligible for relief based on what was probably an aggravated felony that wasn't charged as an aggravated felony, but at least it appeared in the notice to appear as perhaps a controlled substance offense. If he were before us today having been granted discretionary relief on a government appeal, say, from the BIA affirming NIJ's grant of discretionary relief, wouldn't we have to say that he's categorically barred from discretionary relief because of those convictions? In a subsequent proceeding? Well, that's the question. Your position is he could have achieved somehow discretionary relief. And I understand this is a criminal appeal of a criminal conviction. But if he had been given discretionary relief all the way up to us and the government arguing that he shouldn't have it, wouldn't we have to say that he was categorically ineligible to get it? Well, that would depend on the contours of the litigation at the time it reached you. I mean, if the BIA was arguing he had an aggravated felony and that there was a fair opportunity in the appeal process to challenge that, then I would say yes. But if it just came up to this Court's ---- Assume the validity of the conviction in the record. And that there was a fair notice chance to litigate it, then I would say I would agree with you. And I would ---- and that's different, though, than this case, because we have a situation where the alien, when he's in immigration court at the moment of truth here, did not have a fair opportunity to litigate whether or not he had a prior aggravated felony because he had no notice of it in the charging documents. And the notice component of this is important in my estimation. Is it your argument that if the chips had sort of fallen his way, he might have been mistakenly granted discretionary relief? Well, that's one way of characterizing it, and it's, I would ---- a fair way. But there's another way of looking at it, I suppose, which is that legal proceedings are caverned in by the procedures and the requirements of notice and the ability to litigate certain matters. And this reminds me of yet another anecdotal example, I suppose, is that when we were doing the cocaine-based resentencings, the government sometimes would argue, and this is after somebody's been sentenced, they changed the guidelines, years later we could come back and get them a lower sentence. The government would argue, well, this person doesn't qualify for cocaine-based reduction because he's really a career offender. And I would say, but he wasn't adjudicated a career offender at sentencing. It's just the government thought he was, and you lost that battle. Now you can't go back and win it. Or even worse yet, in some cases they never argued that, and now they're trying to argue it now. So there is a doctrine in the law that there is a time and a moment for litigation and for the contours of this person's status to be determined, and that you can't go back in the past and say, well, this person should have been X, Y, and Z if that wasn't litigated at the proceeding, because he has a fair opportunity to challenge that. In a categorical approach inquiry, which would be what the immigration court would have to inquire about to see if this person had an aggravated felony in immigration court, had this been fairly raised there, that's not a trivial inquiry at all. It's probably the most complicated thing that I do as a defense attorney is engaging in trying to challenge prior convictions based on a categorical approach. So saying that he was unfairly denied that opportunity is trivial I don't think is a fair characterization of that type of legal endeavor. But to make a point here is that this type of relief Congress specifically stated when it was enacted in 96 that they wanted this to be fast, efficient. They wanted it to be a way of circumventing the burdensome procedures of immigration court, that if an alien is willing to say, look, I'm willing to leave on my own power, that the court should be inclined to grant that, and quickly, at the initial appearance calendar. So it is somewhat reasonable to posit that the government and the court never would have gotten a hold of these convictions because there just wouldn't have been time. You appear just like initial appearance in criminal court. You appear. These are the charges. If it's a misdemeanor, you can flee out and get your agreed upon sentence and walk out the door. It's much like that. So given Ramos, our recent case, it seems to me that in there the court said, a defendant need not conclusively demonstrate that he or she would have had received relief to show prejudice, but must only show there were plausible grounds for relief. If the defendant is barred from receiving his claim, is not plausible. What's your best plausible argument you can give for what you're suggesting? Not plausible that they would have screwed up because nobody told them anything about it. But let's go to the merits. What's your best argument about plausibility? Setting aside that everybody would have dismissed the conviction, which I think is reasonable. But what plausibility would have been, well, the immigration judge would have stood up and said, or the counsel for immigration, excuse me, would have said, well, this person has a prior conviction we think may be an aggravated felony. And the judge would have said, okay, where's the documents? And then it would have been. So your best plausibility is the government can't get their evidence together? At the right place at the right time, exactly. And I agree that the government, they were smart to say in their briefing that there's something about it that seems somewhat unfair, at least to the government, and that I'm arguing that there could have been a mistake in this proceeding. I guess it maybe seems a little bit less unfair to me because in a lot of ways that's the way criminal defense attorneys operate, you know, ethically and within the law. But to the extent that we can obstruct and keep damaging information away from the court and we can do that legally, we're going to do it. That's our job. Thank you. You may proceed. Thank you, Your Honor. May it please the Court. Peter Levitt. I think he was just reading his notes here and waiting for you to proceed, and you were looking at us. So I jumped the gun for my good colleague and said go for it. You may always jump the gun. May it please the Court. Peter Levitt for the Appley United States of America. The government's strongest argument in this case has been touched upon by the bench. When this defendant was deported on September 1st, 2006, he was a convicted, aggravated felon who was also present in the United States without admission or parole under 8 U.S.C. 1182a6a1. As such, he was categorically barred from receiving the discretionary relief from applicant. He had no lawful or plausible claim to that relief. And that ends the inquiry. That ends the inquiry under Ramos and Gonzales-Valerio. For a defendant who cannot carry his burden to show a plausible basis for relief cannot establish the requisite prejudice and thus cannot prevail in a collateral attack on a prior removal, even assuming, an issue we don't have to address here, that the prior or the procedure attending that removal was tainted by a due process violation. An alien barred from discretionary relief cannot establish prejudice. And when there's no prejudice, the motion to dismiss the indictment The fact that the second notice of appeal, the second notice to appear, pardon me, did not recite the prior disqualifying aggravated felony convictions is legally irrelevant in this context. Why? Well, first of all, Mr. Rojas received a first notice to appear which did recite them. Second, both of the notices to appear set forth very clearly that the basis for relief was the fact that he was unlawfully present without admission or parole in the United States. So in the second notice to appeal, the government left out something that should have been there? It should have. A yes or no? Yes, Your Honor. It should have been there. So that sort of supports his theory that sometimes you guys screw up. In the abstract, that theory is indeed supported. Not just abstract. We see it every day, counsel. But I would say specifically, Your Honor, in the wake of this Court's decision in Gonzales-Valerio, a very important distinction is drawn. When a conviction is omitted from a notice to appear, that cannot form the basis of a substantive action for removal. It can, however, be considered for the distinct purpose of serving as a bar to discretionary relief from removal, and that's precisely the distinction that Judge McKibben recognized in our case. He said that the convictions, these aggravated felony convictions which were not recited in the second notice to appear, were not the grounds for the 9106 removal. Rather, they were a bar to relief from removal. And this is at excerpts of record at 9, and that's critical in this case. And the burden was on Rojas to prove that he was eligible for voluntary deportation. Where the prior convictions constitute a bar to relief from removal and not the grounds for removal itself, the failure to include the convictions in the notice to appear does not violate due process. So conceding Your Honor's irrefutable point that it should have been in there, it's still legally irrelevant in this context. Kennedy. It should have been in there. Why is it irrelevant whether it's in there? Because the underlying the propriety of the underlying removal on September 1, 2006 is not being contested. This is coming in in the context of a collateral attack on the procedure that attended that removal. And hence, this Court in Gonzales-Valerio and Salviejo has stated that it can be considered for that purpose, for establishing that he's categorically barred from receiving this form of discretionary relief. The bench also asked what the best argument would have been in favor of getting to a hearing and obtaining a form of relief for which a defendant was statutorily barred. And I would submit that in this case, the compelling or strong showing certainly was not made by this particular defendant. Nothing in the record militates in his favor except for the fact that this September 1, 2006 deportation happened to be his first one. He didn't allege family ties. He didn't allege length of residence, employment, service in the United States armed forces, or any of those other statutory or regulatory factors that go to an immigration judge's overall decision-making calculus. So the supposition that this defendant would have been advised of a discretionary form of relief to which he was not entitled would have stood up and said, I would like a hearing on this. And then a duped immigration judge would have provided him a form of relief to which, A, he was not statutorily entitled, and, B, the immigration judge lacked authority to provide, is speculative to the point that I'm aware of no reported precedent that shows a defendant can satisfy his burden of establishing a due process violation and prejudice based on such a showing. I think we understand your argument. Thank you very much, Your Honor. You have a little less than a minute. Your Honor, I really have no rebuttal, but the government counsel and I discussed this. There was an en banc opinion that came out yesterday that may have some relevance to this issue. It deals with 1326 and removal challenges, but we don't think it's directly pertinent to this case, but it may be worth looking at by the Court. It came out yesterday. Thank you. If we think that case will affect the outcome, we'll let you know and have you send us a letter. Thank you. The case is argued and will be submitted.
judges: Reinhardt, Hawkins, Smith N. R.